IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| SOUTHERN INDUSTRIAL CONTRACTORS, LLC | PLAINTIFF |
| v. | CAUSE NO. 1:17CV255-LG-JCG |
| NEEL-SCHAFFER, INC.; T.L. WALLACE CONSTRUCTION, INC.; THOMPSON ENGINEERING, INC.; CH2M HILL, INC.; W.G. YATES & SONS CONSTRUCTION COMPANY; ROY ANDERSON CORP.; YATES ANDERSON, JV; QUALITY ENGINEERING SERVICES, INC.; and MISSISSIPPI DEVELOPMENT AUTHORITY | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART CH2M HILL, INC.'S MOTION TO DISMISS

**BEFORE THE COURT** is the Motion to Dismiss [49] filed by the defendant CH2M Hill, Inc. The Motion has been fully briefed. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Motion to Dismiss should be granted as to Southern Industrial's contract claim against CH2M and denied as to Southern Industrial's negligence claim against CH2M.

## BACKGROUND

The plaintiff Southern Industrial Contractors, LLC, served as the general contractor for the West Pier Facilities project at the Port of Gulfport, Mississippi. It filed this lawsuit against the project's owner, Mississippi Development Authority, as well as the project's consultants and engineers — Neel-Schaffer, Inc., CH2M, T.L.

Wallace Construction, Inc., Thompson Engineering, Inc., W.G. Yates & Sons Construction Company, Roy Anderson Corp., Yates Anderson, JV, and Quality Engineering Services, Inc. Southern Industrial alleges that these defendants failed to provide notice of a large underground debris field at the project site. Southern Industrial claims it was required to excavate the debris, which made the project much more expensive and time-consuming. The defendant CH2M, has filed the present Motion to Dismiss in which it argues that it owed no duty to Southern Industrial.

## DISCUSSION

### I. STANDARD OF REVIEW

When considering a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept all well-pleaded facts as true and must view all facts in the light most favorable to the plaintiff. *New Orleans City v. Ambac Assurance Corp.*, 815 F.3d 196, 199-200 (5th Cir. 2016). The complaint should be dismissed unless it pleads "enough facts to state a claim to relief that is plausible on its face." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he complaint must allege more than labels and conclusions, a formulaic recitation of the elements of a cause of action will not do, and factual allegations must be enough to raise a right to relief above the speculative level." *Jabaco, Inc. v. Harrah's Operating Co., Inc.,* 587 F.3d 314, 319 (5th Cir. 2009).

Generally, if a court considers materials outside of the pleadings, the motion to dismiss must be treated as a motion for summary judgment. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). However, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.* In support of its Motion, CH2M relies on the contract for professional services that it entered into with Mississippi State Port Authority at Gulfport (MSPA). This contract is referred to in Southern Industrial's Complaint, and the contract is central to Southern Industrial's claims, because Southern Industrial claims that it is a third-party beneficiary of that contract. (Compl. at 3-4, ¶¶7, 11, ECF No. 1).[1] Therefore, this Court is permitted to review the contract without converting CH2M's Motion to Dismiss to a Motion for Summary Judgment.

## II. SOUTHERN INDUSTRIAL'S CONTRACTUAL CLAIMS

CH2M first argues that Southern Industrial's contract claims should be dismissed, because Southern Industrial was not a third-party beneficiary of CH2M's contract with MSPA.

"The general rule followed in other states is also consistent with Mississippi law that a party may not enforce a contract to which it is neither a party nor a third-party beneficiary." *Kleyle v. Deogracias*, 195 So. 3d 234, 238 (¶12) (Miss. Ct.

---

[1] Southern Industrial filed its First Amended Complaint [33] on August 17, 2017. The First Amended Complaint does not restate all of the factual allegations and claims included in Southern Industrial's Complaint [1], but incorporated large portions of the Complaint by reference. As a result, it is necessary to review both complaints in order to consider Southern Industrial's claims.

App. 2016). "[T]o be a third-party beneficiary, the rights of the third-party must spring forth from the terms of the contract itself." *Ground Control, LLC v. Capsco Indus., Inc.*, 214 So. 3d 232, 242 (Miss. 2017) (citing *Trammell v. State*, 622 So. 2d 1257, 1260 (Miss. 1993)). The Mississippi Supreme Court has held that:

> A person or entity may be considered a third-party beneficiary if: (1) the contract between the original parties was entered for that person's or entity's benefit, or the original parties at least contemplated such benefit as a direct result of performance; (2) the promisee owed a legal obligation or duty to that person or entity; and (3) the legal obligation or duty connects that person or entity with the contract.

*Simmons Housing Inc. v. Shelton*, 36 So. 3d 1283, 1286 (¶ 10) (Miss. 2010). "[A] third-party beneficiary also must benefit directly from the contract. . . . A mere incidental or consequential benefit is insufficient." *Id.* at 1286–87 (¶11). Unambiguous clauses that prohibit third parties from being treated as beneficiaries to the contract "must be accepted as the intent of the parties and enforced as written." *Garrett Enters. Consol., Inc. v. Allen Util., LLC*, 176 So. 3d 800, 805-06 (¶14) (Miss. Ct. App. 2015).

The contract entered into by CH2M and MSPA provides:

> 40. <u>No Third-Party Beneficiaries:</u> This Contract gives no rights or benefits to anyone other than MSPA and [Mississippi Development Authority] and each agency's respective successor entities and assigns together with Consultant and has no third-party beneficiaries.

(Def.'s Mot., Ex. B to Ex. A at 11 (¶40), ECF No. 50). Nevertheless, Southern Industrial argues that it should be considered a third-party beneficiary, because Southern Industrial and CH2M were "co-prime contractors" pursuant to *Everman's Electric Co. v. Evan Johnson & Sons Construction, Inc.*, 955 So. 2d 979, 986 (Miss.

Ct. App. 2007). The *Everman's* decision is distinguishable from the present lawsuit, because there was no clause prohibiting third-party beneficiary status in the contracts at issue in that case. Furthermore, other cases that have adopted the co-prime contractors theory of recovery contained clauses that required the contractors to settle any claims for damages submitted by other contractors on the project. *See M.T. Reed Constr. Co. v. Va. Metal Prods. Corp.*, 213 F.2d 337, 338 (5th Cir. 1954); *Hanberry Corp. v. State Bldg. Comm'n*, 390 So. 2d 277, 279 (Miss. 1980). The Court has not located a similar clause in CH2M's contract.

Southern Industrial also argues that it should be permitted to conduct discovery to determine whether CH2M and MSPA may have waived the "No Third-Party Beneficiaries" clause. However, Southern Industrial has not cited any authority providing that third-party beneficiary status can be created by waiver. It is also unlikely that third-party beneficiary status could ever be created by waiver, because, under Mississippi law, the rights of the third party must spring forth from the terms of the contract itself, not from the parties' conduct. *See Ground Control, LLC*, 214 So. 3d at 242.

Southern Industrial also cites cases from other jurisdictions — *Twin City Construction Co. v. ITT Industrial Credit Co.*, 358 N.W.2d 716, 719 (Minn. Ct. App. 1984), and *State Farm Mutual Automobile Insurance Co. v. HHS Associates*, No. 93-5943, 1995 WL 739703 (E.D. Pa. Dec. 1, 1995) — that do not enforce clauses disclaiming third-party beneficiary status as written. Since the Mississippi courts

do enforce these clauses as written, this Court cannot hold otherwise but must follow Mississippi precedent.

Pursuant to Mississippi law, the "No Third-Party Beneficiaries" clause must be enforced as written. *See id.* Furthermore, the presence of this clause in the contract demonstrates that the contract was not entered into for the benefit of Southern Industrial. *See Shelton*, 36 So.3d at 1286 (¶ 10). Therefore, all of Southern Industrial's contract claims against CH2M must be dismissed for failure to state a claim.

## III. SOUTHERN INDUSTRIAL'S NEGLIGENCE CLAIM

CH2M seeks dismissal of Southern Industrial's negligence claim, because it claims it owed no duty to Southern Industrial. Paragraph 17 of the Complaint alleges that CH2M owed a duty to Southern Industrial "to make sure that the plans, specification, and bidding documents accurately represented the conditions of the Project site . . . ." (Compl. at 6 (¶17), ECF No. 1). Paragraph 30 alleges that CH2M "fell below the applicable standard of care by its failure to disclose, warn and/or provide information in the Project pre-bid documents necessary to construct the Project" and by "continuing to conceal information about the underground obstructions even after [Southern Industrial] first notified them about the discovery . . . ." (*Id.* at 10 (¶30)).

"Duty and breach of duty are essential to finding negligence and must be demonstrated first." *Donald v. Amoco Prod. Co.*, 735 So. 2d 161, 174 (Miss. 1999).

> A duty to act reasonably toward another may . . . arise by virtue of some undertaking regardless of the existence of a legal contract.

> [C]ontracts are not the only way in which the law imposes a duty of care. Whenever a person does some act, the law imposes a duty upon that person to take reasonable care in performing that act.

*Montgomery v. CitiMortgage, Inc.*, 955 F. Supp. 2d 640, 649 (S.D. Miss. 2013) (internal quotation marks omitted). "[T]he important component of the existence of the duty is that the injury is reasonably foreseeable." *Rein v. Benchmark Const. Co.*, 865 So. 2d 1134, 1146 (Miss. 2004). "This court's task in a diversity action is to apply the law of Mississippi, not to create . . . a duty, which is not yet recognized by the Mississippi Supreme Court, nor which is a rational extension of an already existing duty." *H.R. by & through Robinson v. Double J. Logistics, LLC*, No. 3:16CV655TSL-RHW, 2017 WL 4158853, at *6 (S.D. Miss. Sept. 19, 2017) (internal quotation marks omitted).

The Mississippi Supreme Court has held that "design professionals," including architects and engineers, have a "duty to exercise ordinary professional skill and diligence." *Magnolia Constr. Co. v. Miss. Gulf S. Eng'rs Inc.*, 518 So. 2d 1194, 1202 (Miss. 1988). "Further, Mississippi law allows third parties to rely on a design professional's contractual obligation to the owner." *Id.* "Because of this contractual obligation to the owner, the architect owes a further duty, sounding in tort, to the contractor who relies upon the design to his economic detriment." *Id.* (quoting *Mayor & City Council of Columbus, Miss. v. Clark-Dietz, Inc.*, 550 F. Supp. 610, 624 (N.D. Miss. 1977)). The *Magnolia* court recognized that a duty can be: (1) created by contract, (2) assumed either through the party's conduct on the project or

through contracts with the project owner, or (3) created by common law. *See Magnolia*, 518 So. 2d at 1201-02.

In its Motion to Dismiss, CH2M asserts that it was not a design professional for the West Pier Facilities Project, and it relies on *Heber E. Costello, Inc. v. Edwards & Son, Inc.*, No. 2:96cv42-B-B, 1998 WL 94925 (N.D. Miss. Jan. 22, 1998). In *Costello*, a prime contractor, Roy Anderson, entered into a subcontract with Edwards and Son, Inc. to build a casino and golf course. *Costello*, 1998 WL 94925, at *1. Edwards entered into a sub-subcontract with Costello in which Costello agreed to dig a lake on the premises. *Id.* Costello was terminated from the project, and it was not paid for the work it completed. *Id.* Costello sued, claiming that Anderson did not enforce the provisions of its subcontract with Edwards that required Edwards to provide payment and performance bonds. *Id.* The court held that Anderson did not owe a duty to Costello to enforce the terms of its subcontract with Edwards. *Id.* at *6. The court noted that "[i]t appears that whether a duty is owed is a factual determination that must be made on a case-by-case basis." *Id.* The court found that Costello did not rely on the payment bond requirement. *Id.* The court further held that Costello could not "show that it reasonably relied upon Anderson to protect its interests, or that Anderson owed any duty to protect the interests of Costello." *Id.* The court refused to hold that "Anderson undertook a course of affirmative conduct which might have been expected to affect the interests of Costello . . . ." *Id.*

CH2M also relies on an opinion issued by the Circuit Court of Harrison County, Mississippi: *Kappa Development & General Contracting, Inc. v. City of Biloxi*, No. A2402-14cv176 (Harrison Cty. Cir. Ct. July 21, 2016).[2] In *Kappa*, a case with facts very similar to those in the present case, the court held that a project's program manager "did not perform professional services on which third parties reasonably rely, such as designing or constructing buildings and roads enjoyed by the public." *See id.* at 5. The court reasoned that "[m]any of the considerations that warrant creation of a legal duty on architects and engineers to third-parties" are not present with program managers. *Id.*

Pursuant to its contract with the MSPA, CH2M served as the program manager and consultant for the West Pier Facilities Project. (*See generally* Def.'s Mot., Ex. A, ECF No. 49-1). The contract provides that CH2M would provide various forms of support to the MSPA, including assessment of the project's adherence to state and federal law. (Def.'s Mot., Ex. A to Ex. A, ECF No. 49-1). CH2M also provided "oversight throughout the design, bid award, procurement, construction, permitting, and closeout phases" as well as "in the review of plans and specifications and cost estimates, and support in processing of proposed change orders." (*Id.*) The contract provides:

> The MSPA and [CH2M] acknowledge and agree that the design services for the Program will be separately engaged by the MSPA through retention of separate design professionals. Notwithstanding any provision herein to the contrary, [CH2M] shall have no responsibility for the accuracy or sufficiency of documentation prepared by those design professionals. At the request of MSPA,

---

[2] The *Kappa* opinion was attached to CH2M's Motion as Exhibit B.

-9-

> [CH2M] will review design and orally notify MSPA of any errors,
> discrepancies and inconsistencies it may discover in such documents
> within three (3) days of such discovery. . . . In the event [CH2M] is
> requested to perform constructability reviews, value engineering or
> any other reviews or tasks involving the design for the work
> contemplated by the Program, it is understood that such reviews will
> not render [CH2M] liable in any manner for the duties of the MSPA's
> separately-retained design professionals.

(Def.'s Mot., Ex. B to Ex. A at 10 (¶35), ECF No. 49-1). It also provides that CH2M:

> will provide technical engineering and construction management
> oversight to evaluate, on behalf of [Mississippi Development
> Authority], the technical aspects of the construction work as it
> progresses. [CH2M] will evaluate the constructability of the design
> and make suggestions to the Construction Manager as deemed
> necessary on behalf of both MDA and the Port to achieve a quality
> product.

(Def.'s Mot. Attachment A to Ex. A to Ex. A at 3.3, ECF No. 49-1).

It is unclear from the contract language whether CH2M could be viewed as a "design professional" under Mississippi law. While CH2M attempted to disclaim any liability for errors in the design, it also appeared to assume some duties to the Mississippi Development Authority and MSPA to ensure that the designs were accurate and could be constructed. As the Northern District of Mississippi held in *Costello*, the question of whether a duty is owed to a third party in this circumstance "must be made on a case-by-case basis" in that the inquiry depends on (1) whether the third party actually relied on the design professional's contractual obligations and (2) whether it was reasonable for the third party to rely on those contractual obligations. *See Costello*, 1998 WL 94925, at *6; *see also Magnolia*, 518 So. 2d at 1202, 1204. There is insufficient information in the record for this Court to determine as a matter of law whether CH2M owed a duty to Southern Industrial.

Therefore, CH2M's Motion to Dismiss Southern Industrial's negligence claim must be denied at this time.

## CONCLUSION

For the foregoing reasons, Southern Industrial's contract claim against CH2M is dismissed for failure to state a claim upon which relief can be granted. Southern Industrial's negligence claim against CH2M shall remain pending.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion to Dismiss [49] filed by the defendant CH2M Hill, Inc., is **GRANTED** as to Southern Industrial's contractual claim and **DENIED** as to Southern Industrial's negligence claim.

**SO ORDERED AND ADJUDGED** this the 30th day of November, 2017.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE