IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| SOUTHERN INDUSTRIAL CONTRACTORS, LLC | PLAINTIFF |
| v. | CAUSE NO. 1:17CV255-LG-JCG |
| NEEL-SCHAFFER, INC.; T.L. WALLACE CONSTRUCTION, INC.; THOMPSON ENGINEERING, INC.; CH2M HILL, INC.; W.G. YATES & SONS CONSTRUCTION COMPANY; ROY ANDERSON CORP.; YATES ANDERSON, JV; QUALITY ENGINEERING SERVICES, INC.; and MISSISSIPPI DEVELOPMENT AUTHORITY | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER GRANTING MISSISSIPPI DEVELOPMENT AUTHORITY'S MOTION TO DISMISS

**BEFORE THE COURT** is the Motion to Dismiss [85] filed by the defendant Mississippi Development Authority (MDA) pursuant to Fed. R. Civ. P. 12(b)(1). The Motion has been fully briefed. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the plaintiff Southern Industrial Contractors, LLC's claims against MDA should be dismissed pursuant to the doctrine of sovereign immunity.

## BACKGROUND

The plaintiff Southern Industrial Contractors, LLC, served as the general contractor for the West Pier Facilities project at the Port of Gulfport, Mississippi. It filed this lawsuit against the project's owner, MDA, as well as the project's consultants and engineers — Neel-Schaffer, Inc., CH2M Hill, Inc., T.L. Wallace

-1-

Construction, Inc., Thompson Engineering, Inc., W.G. Yates & Sons Construction Company, Roy Anderson Corp., Yates Anderson, JV, and Quality Engineering Services, Inc. Southern Industrial alleges that the defendants failed to provide notice of a large underground debris field at the project site. Southern Industrial claims it was required to excavate the debris, which made the project much more expensive and time-consuming. MDA filed this Motion to Dismiss, asserting sovereign immunity pursuant to the Eleventh Amendment of the United States Constitution.

## DISCUSSION

"The Eleventh Amendment bars citizens of a state from suing their own state or another state in federal court . . . ." *Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013). "The state need not be the named party in a federal lawsuit, for a state's Eleventh Amendment immunity extends to any state agency or entity deemed an 'alter ego' or 'arm' of the state." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002). However, there are circumstances, such as waiver, in which an individual may sue a state. *Raj*, 714 F.3d at 328. *Id.*

In its First Amended Complaint, Southern Industrial alleges that "The MDA failed to perform and/or negligently performed its environmental responsibilities which resulted in the dumping of the debris into the waters of the Gulf of Mexico upon which site the Project was eventually erected." (1st Am. Compl. at 3 (¶6), ECF No. 33). Southern Industrial claims that MDA has waived its sovereign immunity

-2-

because it obtained Community Development Block Grant funding from the Department of Housing and Urban Development.  *See id.* at 2 (¶4).

A state's decision to waive immunity must be voluntary.  *Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 241 (5th Cir. 2005).  "Generally, the Court will find a waiver either if (1) the state voluntarily invokes federal court jurisdiction, or (2) the state makes a 'clear declaration' that it intends to submit itself to federal court jurisdiction."  *Id.*  Waiver cannot be implied; therefore, "a waiver of sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign."  *Sossamon v. Texas*, 563 U.S. 277, 284-85 (2011).

"A state waives its immunity by voluntarily participating in federal spending programs only when Congress includes a clear statement of intent to condition participation in the programs on a State's consent to waive its constitutional immunity."  *Hurst v. Tex. Dep't of Assistive & Rehab. Servs.*, 482 F.3d 809, 811 (5th Cir. 2007).  "A statute must furnish clear notice regarding the liability at issue to which the state has allegedly waived its immunity."  *Id.*  (internal quotation marks omitted).

> The statute at issue provides:
>
> A certification under the procedures authorized by this section shall . . . specify that the certifying officer –
> (i) consents to assume the status of a responsible Federal official under the National Environmental Policy Act of 1969 [42 U.S.C.A. § 4321 et seq.] and each provision of law specified in regulations issued by the Secretary insofar as the provisions of such Act or other such provision of law apply . . .; and
> (ii) is authorized and consents on behalf of the State or unit of general local government and himself or herself to accept the jurisdiction of the

> Federal courts for the purpose of enforcement of the responsibilities as such an official.

42 U.S.C. § 3547(3)(D). Therefore, the consent to federal jurisdiction is only "for the purpose of enforcement of the responsibilities" of a responsible federal official under the National Environmental Policy Act (NEPA) and "each provision of law specified in regulations issued by the Secretary" of the Department of Housing and Urban Development. *See id.* The regulations specified by the Secretary are 40 CFR parts 1500 through 1508 and 24 CFR part 58. 24 C.F.R. § 58.13. The Fifth Circuit has held that "[t]he only people who may sue to enforce a law are people who belong to the class that the law was designed to protect." *Sabine River Auth. v. U.S. Dep't of Interior*, 951 F.2d 669, 675 (5th Cir. 1992). "NEPA was not designed to protect contractors' rights[;] it was designed to protect the environment." *Id.* at 676. The purpose of the regulations specified by the Secretary is also protection of the environment. *See, e.g.*, 24 C.F.R. § 58.1; 40 C.F.R. § 1500.1(a).

As explained previously, this Court must strictly construe MDA's purported waiver of sovereign immunity, "in terms of its scope, in favor of the sovereign." *See Sossamon*, 563 U.S. at 284-85. MDA did not waive its sovereign immunity for lawsuits filed by contractors seeking monetary damages for expenses incurred during a construction project. As a result, Southern Industrial's claims against MDA must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion to Dismiss [85] filed by the defendant Mississippi Development Authority (MDA) is

**GRANTED**. Southern Industrial Contractors, LLC's claims against Mississippi Development Authority are hereby **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 30th day of November, 2017.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE