IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| SOUTHERN INDUSTRIAL CONTRACTORS, LLC | PLAINTIFF |
| v. | CAUSE NO. 1:17CV255-LG-JCG |
| NEEL-SCHAFFER, INC.; T.L. WALLACE CONSTRUCTION, INC.; THOMPSON ENGINEERING, INC.; CH2M HILL, INC.; W.G. YATES & SONS CONSTRUCTION COMPANY;  ROY ANDERSON CORP.; YATES ANDERSON, JV; QUALITY ENGINEERING SERVICES, INC.; and MISSISSIPPI DEVELOPMENT AUTHORITY | DEFENDANTS |

**ORDER GRANTING PLAINTIFF'S MOTION TO DEFER MOTION
FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P.
56(d) WITH REQUEST FOR EXPEDITED CONSIDERATION**

**BEFORE THE COURT** is the [199] Motion to Defer Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(d) with Request for Expedited Consideration filed by the plaintiff Southern Industrial Contractors, LLC.  Southern Industrial seeks a stay of this Court's ruling on the [194] Motion for Summary Judgment filed by the defendant Quality Engineering Services, Inc. ("QES"), so that it can conduct a 30(b)(6) deposition of QES prior to filing a response to the Motion for Summary Judgment.  QES filed a response in opposition to the Rule 56(d) Motion, but Southern Industrial did not file a reply.  For the following reasons, the Court finds that Southern Industrial's Rule 56(d) Motion should be granted.

Fed. R. Civ. P. 56(d) provides that:

> [i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

The Fifth Circuit has held that "Rule 56(d) motions for additional discovery are broadly favored and should be liberally granted." *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 422 (5th Cir. 2016). To obtain a Rule 56(d) stay, the movant must (1) demonstrate "how additional discovery will create a genuine issue of material fact;" (2) "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how emergent facts, if adduced, will influence the outcome of the pending summary judgment motion;" and (3) demonstrate that it has "diligently pursued discovery." *Id.*; *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 700 (5th Cir. 2014).

In its Motion, supporting Memorandum, and exhibits, Southern Industrial has demonstrated that it should be permitted to conduct a 30(b)(6) deposition of QES. First, in its Motion for Summary Judgment, QES relies in part on testimony given by its president. Furthermore, counsel for Southern Industrial has given a comprehensive list of information that he intends to gather at the proposed 30(b)(6) deposition that, in his opinion, would create a genuine issue of material fact. In addition, the discovery that Southern Industrial seeks is limited to one deposition. Finally, Southern Industrial has been diligent in pursuing discovery. As a result, Southern Industrial has demonstrated that this Court should defer its ruling on the

Motion for Summary Judgment filed by QES.  Southern Industrial shall conduct the 30(b)(6) deposition of QES on or before April 30, 2018, and Southern Industrial's response to the Motion for Summary Judgment is due on or before May 31, 2018. QES will be permitted to file a reply in support of its Motion according to the Local Rules.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [199] Motion to Defer Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(d) with Request for Expedited Consideration filed by the plaintiff Southern Industrial Contractors, LLC, is **GRANTED**.  Southern Industrial shall conduct the 30(b)(6) deposition of QES on or before April 30, 2018, and Southern Industrial's response to the Motion for Summary Judgment is due on or before May 31, 2018.

**SO ORDERED AND ADJUDGED** this the 11th day of April, 2018.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge