IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**SOUTHERN INDUSTRIAL**                     **PLAINTIFF**
**CONTRACTORS, LLC**

**v.**                             **CAUSE NO. 1:17CV255-LG-JCG**

**NEEL-SCHAFFER, INC.; T.L.**
**WALLACE CONSTRUCTION, INC.;**
**THOMPSON ENGINEERING, INC.;**
**CH2M HILL, INC.; W.G. YATES &**
**SONS CONSTRUCTION**
**COMPANY;  ROY ANDERSON**
**CORP.; YATES ANDERSON, JV;**
**QUALITY ENGINEERING**
**SERVICES, INC.; and MISSISSIPPI**
**DEVELOPMENT AUTHORITY**                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER GRANTING
## THOMPSON ENGINEERING, INC.'S MOTION TO STAY

**BEFORE THE COURT** is the [211] Motion to Stay filed by the defendant

Thompson Engineering, Inc., and joined by T.L. Wallace Construction, Inc., Neel-

Schaffer, Inc., WG Yates & Sons Construction Company, Roy Anderson Corp.,

Yates-Anderson, JV, CH2M Hill, Inc., and Quality Engineering Services, Inc.  The

Motion has been fully briefed.  After reviewing the submissions of the parties, the

record in this matter, and the applicable law, the Court finds that this lawsuit

should be stayed pending the appeal of the decision ordering arbitration in

*Southern Industrial Contractors, LLC v. Mississippi State Port Authority*, cause

number 251-16-681CIV, First Judicial District of Hinds County, Mississippi.

# BACKGROUND

## I. Federal Court Action

The plaintiff Southern Industrial Contractors, LLC, served as the general contractor for the West Pier Facilities project at the Port of Gulfport, Mississippi. It filed this lawsuit against the project's owner, Mississippi Development Authority, as well as the project's consultants and engineers — Neel-Schaffer, Inc., CH2M, T.L. Wallace Construction, Inc., Thompson Engineering, Inc., W.G. Yates & Sons Construction Company, Roy Anderson Corp., Yates Anderson, JV, and Quality Engineering Services, Inc. (hereafter sometimes collectively referred to as "the Consultant Defendants"). Southern Industrial alleges that these defendants failed to provide notice of a large underground debris field at the project site. Southern Industrial claims that the Consultant Defendants directed it to excavate the debris, which made the project much more expensive and time-consuming. On November 30, 2017, the Court granted Mississippi Development Authority's Motion to Dismiss pursuant to the doctrine of sovereign immunity. All of the remaining defendants now ask this Court to stay this lawsuit pending the state court appeal of the decision ordering arbitration in *Southern Industrial Contractors, LLC v. Mississippi State Port Authority*, cause number 251-16-681CIV, First Judicial District of Hinds County, Mississippi.

## II. State Court Action

On November 16, 2016, Southern Industrial filed a Complaint in the Circuit Court of Hinds County, Mississippi, against the Mississippi State Port Authority,

asking the court to compel the Port Authority to submit to arbitration pursuant to the contract entered into by Southern Industrial and the Port Authority. In its state court Complaint, Southern Industrial alleges that the Port Authority was the owner of the West Pier Facilities project, and Southern Industrial served as the general contractor. The Complaint further alleges that Southern Industrial found a large underground debris field while trying to drive pilings for the project, and that the Port Authority directed Southern Industrial to excavate and remove some of the debris. Southern Industrial asserts that the Port Authority is liable:

> for all losses sustained by [Southern Industrial] as a result of [the Port Authority's] breach of its contractual obligations, including without limitation, all amounts incurred by the Project being delayed and all amounts for additional time, effort, manpower, labor, machinery and money for which [Southern Industrial] has not been paid.

(State Court Compl. at 4, ECF No. 210-3). The Circuit Court granted Southern Industrial's Motion to Compel Arbitration, and the Port Authority appealed. The Port Authority filed its reply brief with the Mississippi Court of Appeals on June 20, 2018.

## DISCUSSION

The defendants seek a stay pursuant to Section 3 of the Federal Arbitration Act (FAA), which provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the

agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C.A. § 3. This statute generally only applies to the parties who signed the agreement containing the arbitration clause. *Rainier DSC 1, L.L.C. v. Rainier Capital Mgmt., L.P.*, 828 F.3d 356, 360 (5th Cir. 2016). However, district courts have discretion "to stay litigation among the non-arbitrating parties pending the outcome of the arbitration." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21 n. 23 (1983). The Fifth Circuit has held that claims among non-signatories can be stayed where: "(1) the arbitrated and litigated disputes involve the same operative facts; (2) the claims asserted in the arbitration and litigation are "inherently inseparable"; and (3) the litigation has a "critical impact" on the arbitration." *Id.* (quoting *Waste Mgmt., Inc., v. Residuos Industriales Multiquim, S.A. de C.V.*, 372 F.3d 339, 343 (5th Cir. 2016)). "The question is not ultimately one of weighing potential harm to the interests of the non-signatory, but of determining whether proceeding with litigation will destroy the signatories' right to a meaningful arbitration." *Waste Mgmt., Inc.*, 372 F.3d at 343.

Southern Industrial first argues that the FAA does not govern, because it did not seek to compel arbitration pursuant to the FAA. However, the FAA governs arbitration provisions in contracts pertaining to interstate or foreign commerce. 9 U.S.C. §§ 1, 2. The United States Supreme Court has interpreted the word "involving commerce" in the FAA as broadly as the term "affecting commerce," which has been held to mean "a full exercise of constitutional power." *Allied-Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265, 273-74 (1995). The project at issue in

both this lawsuit and the state court lawsuit involves construction of an international port. The parties to the contract containing the arbitration provision — Mississippi Port Authority and Southern Industrial — are residents of Mississippi and Louisiana, respectively. Therefore, the contract containing the arbitration clause certainly "involved" or "affected commerce," and the FAA governs the arbitration clause.

Southern Industrial next argues that the defendants are not entitled to a stay, because a final arbitration order has not been entered in state court. Southern Industrial claims that this Court would therefore have to determine whether Southern Industrial and the Port Authority entered into a binding arbitration agreement before this Court could impose a stay. However, the Circuit Court of Hinds County has in fact ordered the state court parties to proceed to arbitration, and the likelihood that the Mississippi Court of Appeals may overturn that ruling does not prevent this Court from imposing a stay pending the outcome of the appeal.

Southern Industrial also argues that its federal case against the Consultant Defendants will not destroy its right to arbitration, because its tort claims against the Consultant Defendants are separate from its breach of contract claims against the Port Authority. The Complaints Southern Industrial filed in federal and state court contradict this assertion, as Southern Industrial alleges that the Port Authority and the Consultant Defendants are both liable for the losses Southern Industrial suffered due to the alleged debris field at the project site. Southern

Industrial also made contradictory assertions in its Complaints that the Port Authority and the Consultant Defendants ordered Southern Industrial to remove the underground debris. In the federal case, Southern Industrial argues that it is a third-party beneficiary of the contracts entered into by the Consultant Defendants and the Port Authority, which it sued separately in state court. Both cases hinge on the question of whether the plans for the project were defective. Southern Industrial's admission, that it intends to use discovery conducted in this lawsuit in the arbitration proceeding against the Port Authority, further demonstrates that the claims in this lawsuit are inextricably intertwined with the claims made against the Port Authority.

This Court must consider not only Southern Industrial's right to meaningful arbitration, but also the Port Authority's right to meaningful arbitration even though the Port Authority may oppose arbitration. A plaintiff's attempt to recover the same damages in arbitration and litigation warrants imposition of a stay of litigation against a non-signatory. *See Waste Mgmt.*, 372 F.3d at 345. In this situation, "[a]llowing the instant litigation to proceed would risk inconsistent results, and 'substantially impact' the arbitration[]," because the "arbitrator would necessarily be strongly influenced to follow the court's determination." *See id.*[1] For

_____

[1] Southern Industrial states that it will seek leave of Court to amend its federal and state court Complaints to state different claims against the Consultant Defendants and the Port Authority. It is unclear how amendment of the Complaints could change this Court's determination, as both Complaints arose out of the same facts and seek damages for problems caused by the same debris field and the same allegedly defective plans. In addition, it is troubling that Southern Industrial did

example, if a jury in the federal lawsuit found that the plans were defective, then such a determination would inevitably affect the arbitration against the Port Authority. As a result, the Port Authority's potential liability would be seriously affected by any judgment entered in this lawsuit. *See id.* The Consultant Defendants are therefore entitled to a stay of this litigation at least until the Mississippi Court of Appeals resolves the appeal.

Southern Industrial relies on *Salas v. GE Oil & Gas*, 857 F.3d 278 (5th Cir. 2017), for the proposition that the Consultant Defendants waived their right to seek a stay of the federal litigation due to their participation in this lawsuit. In *Salas*, the Fifth Circuit held that "[a] party waives its right to arbitrate if it (1) substantially invokes the judicial process and (2) thereby causes detriment or prejudice to the other party." *Salas*, 857 F.3d at 281. Assuming for the sake of argument only that the waiver doctrine can be applied to prevent a nonsignatory from obtaining a stay, Southern Industrial has not demonstrated that it has been prejudiced by the Consultant Defendants' efforts to defend themselves in this lawsuit filed by Southern Industrial.

In the alternative, Southern Industrial claims that any stay order should not prevent the parties from continuing to conduct discovery in this lawsuit to prevent prejudice caused by delay. However, Southern Industrial has not precisely articulated precisely how a delay will result in prejudice. In the interest of judicial

---

not seek to amend its Complaints prior to the filing of the Consultant Defendants' Motion to Stay.

economy and in an effort to reduce the potential for wasted time and resources, the Court will impose a complete stay pending the outcome of the state court appeal.

## CONCLUSION

For the foregoing reasons, the Court finds that this lawsuit should be stayed pending the appeal of the decision ordering arbitration in *Southern Industrial Contractors, LLC v. Mississippi State Port Authority*, cause number 251-16-681CIV First Judicial District of Hinds County, Mississippi. The parties are instructed to notify this Court immediately upon resolution of the state court appeal, and to file an appropriate motion either seeking to extend the stay pending conclusion of the arbitration or seeking to lift the stay. To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter this result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [211] Motion to Stay filed by the defendant Thompson Engineering, Inc., and joined by T.L. Wallace Construction, Inc., Neel-Schaffer, Inc., WG Yates & Sons Construction Company, Roy Anderson Corp., Yates-Anderson, JV, CH2M Hill, Inc., and Quality Engineering Services, Inc., is **GRANTED**. This lawsuit is **STAYED** pending the appeal of the decision ordering arbitration in *Southern Industrial Contractors, LLC v. Mississippi State Port Authority*, cause number 251-16-681CIV First Judicial District of Hinds County, Mississippi.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that all other pending motions filed in this lawsuit are **DENIED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 26th day of June, 2018.

*s/ Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE