# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| SOUTHERN INDUSTRIAL CONTRACTORS, LLC | PLAINTIFF |
| v. | CAUSE NO. 1:17cv255-LG-JCG |
| NEEL-SCHAFFER, INC., et al. | DEFENDANTS |

## ORDER DENYING MOTIONS TO STAY PROCEEDINGS

**BEFORE THE COURT** are the [287] Motion to Stay Proceedings filed by the defendants Roy Anderson Corp., W.G. Yates & Sons Construction Company, and Yates Anderson, JV, and the [292] Motion to Stay Proceedings filed by the defendant, Thompson Engineering, Inc. All the other defendants have joined in each of these Motions, and the parties have fully briefed the Motions. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that both Motions to Stay should be denied.

## BACKGROUND

The plaintiff, Southern Industrial Contractors, LLC, served as the general contractor for the West Pier Facilities project at the Port of Gulfport, Mississippi. It filed this lawsuit against the project's consultants and engineers — Neel-Schaffer, Inc., CH2M, T.L. Wallace Construction, Inc., Thompson Engineering, Inc., W.G. Yates & Sons Construction Company, Roy Anderson Corp., Yates Anderson, JV, and Quality Engineering Services, Inc. Southern Industrial alleges that these defendants failed to provide notice of a large underground debris field at the project site, which made the project much more expensive and time-consuming. At the

defendants' request, the Court stayed this lawsuit pending the appeal of the decision ordering arbitration in the separate state court lawsuit Southern Industrial had filed against the project's owner, Mississippi State Port Authority. The Mississippi Court of Appeals reversed the lower court's decision compelling arbitration of Southern Industrial's claims against the Port Authority.

Following the conclusion of the state court appeal, this Court lifted the stay imposed in the present case. The defendants Roy Anderson, W.G. Yates & Sons, and Yates Anderson then filed a Motion seeking a stay pending resolution of the arbitration of Southern Industrial's claims against ADS, LLC, which was one of Southern Industrial's subcontractors during the project. The defendant Thompson Engineering filed a separate Motion requesting a stay pending (1) resolution of the ADS, LLC, arbitration; (2) resolution of Southern Industrial's state court lawsuit against another subcontractor, Baker Pile Driving & Work, LLC; and (3) resolution of the state court lawsuit Southern Industrial filed against the Port Authority.

## DISCUSSION

### I. SOUTHERN INDUSTRIAL'S ARBITRATION AGAINST ADS

After the parties finished briefing the Motions to Stay, Southern Industrial settled its claims against ADS, and the arbitration was canceled. As a result, the defendants' Motions requesting a stay pending the ADS arbitration must be denied.

### II. SOUTHERN INDUSTRIAL'S LAWSUIT AGAINST BAKER

Thompson argues that this lawsuit should be stayed pending resolution of Southern Industrial's lawsuit against its subcontractor Baker, but Thompson has

not provided sufficient information concerning the Baker lawsuit to demonstrate that a stay is warranted. Therefore, Thompson has not demonstrated that the Baker case justifies a stay of the present lawsuit.

### III. SOUTHERN INDUSTRIAL'S LAWSUIT AGAINST THE PORT AUTHORITY

Thompson argues that the *Landis* standard should apply to the determination of whether this lawsuit should be stayed pending resolution of the Port Authority case in state court. In *Landis*, the United States Supreme Court held that courts have authority and discretion to stay proceedings to further the goal of judicial economy. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Southern Industrial counters that this Court must apply the *Colorado River* "exceptional circumstances" standard to determine whether a stay is appropriate. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 814 (1976). For the reasons stated below, a stay is unwarranted under either standard; thus, it is not necessary to determine which standard is most appropriate.

#### A. *LANDIS*

In *Landis*, the United States Supreme Court held that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. To accomplish this, the court "must weigh competing interests and maintain an even balance." *Id.* "A stay can be justified only if, based on a balancing of the parties' interests, there is a clear inequity to the suppliant who is required to defend while another action remains

unresolved and if the order granting a stay can be framed to contain reasonable limits on its duration." *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir. 1985). As a result, "before granting a stay pending resolution of another case, the court must carefully consider the time reasonably expected for resolution of the 'other case,' in light of the principle that stay orders will be reversed when they are found to be immoderate or of an indefinite duration." *In re Beebe*, 56 F.3d 1384, *3 (5th Cir. 1995) (citing *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983)).

Thompson argues that denial of its Motion to Stay would expose the defendants to this lawsuit to double exposure, because many of the defendants have agreed to indemnify the Port Authority under certain circumstances. Thus, according to Thompson, even if the defendants are found to have no liability in the present lawsuit, the Port Authority could still seek indemnity from the defendants if the state court finds that the Port Authority is liable to Southern Industrial. Thompson also asserts that a stay could save judicial resources, because this lawsuit would likely be dismissed pursuant to the doctrines of collateral estoppel and/or res judicata if the Port Authority prevails in the state court lawsuit. Thompson does not address the amount of time that it would take to resolve the state court action, aside from estimating that the federal case would likely go to trial first.

Southern Industrial counters that the stay Thompson seeks would be impermissibly lengthy. In addition, Southern Industrial has represented to the

Court that, due to the amended complaint it filed in state court, it is not asserting the same claims or seeking the same damages in the Port Authority lawsuit that it is seeking in this lawsuit. Thus, Southern Industrial notes that Thompson and the other defendants will not be subjected to the possibility of a double recovery.

As explained previously, this Court is required to consider the length of time likely required for resolution of the state court case before granting a *Landis* stay. The state court case was recently transferred to a new venue, and Thompson and Southern Industrial appear to agree that little progress has been made. Thus, complete resolution of the state court case could take years. The Court finds that the possibility that the defendants will be subjected to double exposure is remote and does not justify the lengthy stay that Thompson seeks. Thompson has not demonstrated that it is entitled to a stay under the *Landis* standard.

### B. *COLORADO RIVER*

As the Fifth Circuit has explained,

> [a] *Colorado River* abstention analysis begins with a heavy thumb on the scale in favor of exercising federal jurisdiction, and that presumption is overcome only by exceptional circumstances. Federal courts have a virtually unflagging obligation to exercise the jurisdiction given them. Even so, a court may choose to abstain, awaiting the conclusion of state-court proceedings in a parallel case, based on principles of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.

*Aptim Corp. v. McCall*, 888 F.3d 129, 135 (5th Cir. 2018) (internal quotation marks and citations omitted).

*Colorado River* discretion to stay is available only where the state and federal proceedings are parallel. Generally, the two lawsuits must involve the same parties and the same issues. *Am. Guarantee & Liab. Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 251 (5th Cir. 2005). However, the Fifth Circuit has recognized that "it may be that there need not be applied in every instance a mincing insistence on precise identity of these [requirements] . . . ." *RepublicBank Dall. Nat'l Ass'n v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987). This is not a case in which the general requirement of identity of parties and issues should be relaxed, because Southern Industrial is the only entity that is a party to both proceedings and the state court action concerns the termination of Southern Industrial's contract, which is not at issue in the present federal case.

Even where the actions are parallel, the court must balance the following factors before granting a stay pursuant to the *Colorado River* doctrine:

> (1) assumption by either court of jurisdiction over a res, (2) relative inconvenience of the forums, (3) avoidance of piecemeal litigation, (4) the order in which jurisdiction was obtained by the concurrent forums, (5) to what extent federal law provides the rules of decision on the merits, and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

*Id.* at 135-36. Although the Court has found that the state and federal actions at issue are not parallel, the Court will consider these factors out of an abundance of caution.

Since the present case is an *in personam* action, the first factor favors the exercise of federal jurisdiction. *See Aptim*, 888 F.3d at 136. Both the state action and the present case are now pending in Harrison County, Mississippi; thus, the

-6-

second factor also favors exercising federal jurisdiction. *See Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 492 (5th Cir. 2006). As for the third factor, the possibility of piecemeal litigation weighs in favor of granting a stay. The fourth factor "centers more on the progress made in the relative forums, not on the date of initial filing." *Aptim*, 888 F.3d at 137. IN the present lawsuit, the parties have conducted some discovery, and several motions have been filed and ruled on. There has been little progress in the state court lawsuit due to motion practice and an appeal concerning arbitration. Therefore, the fourth factor favors the exercise of federal jurisdiction.

Regarding the fifth factor, "[t]he presence of a federal law issue must always be a major consideration weighing against surrender of jurisdiction, but the presence of state law issues weighs in favor of surrender only in rare circumstances." *Id.* at 138 (internal quotation marks and brackets omitted). As a result, this factor weighs in favor of federal jurisdiction. *See id.* The sixth factor can only be neutral or weigh in favor of federal jurisdiction. *Id.* at 139. Since there is no indication that the state court cannot fairly adjudicate the Port Authority lawsuit, this factor is neutral. *See id.*

In summary, four factors weigh in favor of exercising federal jurisdiction. One factor weighs in favor of granting a stay, and one factor is neutral. Exceptional circumstances justifying a stay are not present here. Thompson has not demonstrated that it is entitled to a stay under *Colorado River*.

## CONCLUSION

For the foregoing reasons, both the Motions to Stay pending in this case must be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [287] Motion to Stay Proceedings filed by the defendants Roy Anderson Corp., W.G. Yates & Sons Construction Company, and Yates Anderson, JV, and the [292] Motion to Stay Proceedings filed by the defendant, Thompson Engineering, Inc., are **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the plaintiff, Southern Industrial, is directed to contact the Magistrate Judge assigned to this case in order to schedule a case management conference.

**SO ORDERED AND ADJUDGED** this the 18th day of April, 2019.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE