# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| SOUTHERN INDUSTRIAL CONTRACTORS, LLC | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| v. | )  **CIVIL ACTION NO. 1:17cv255 LG-JCG**<br>) |
| NEEL-SCHAFFER, INC., T.L. WALLACE CONSTRUCTION, INC., THOMPSON ENGINEERING, INC., CH2M HILL, INC., W.G. YATES & SONS CONSTRUCTION COMPANY, ROY ANDERSON CORP., YATES ANDERSON, JV, QUALITY ENGINEERING SERVICES, INC., AND MISSISSIPPI DEVELOPMENT AUTHORITY | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| **Defendants.** | ) |

**MEMORANDUM IN SUPPORT OF MOTION FOR EMERGENCY RELIEF AND FOR EXTENSION OF DURATION OF DEPOSITION OF PLAINTIFF'S CORPORATE REPRESENTATIVE PURSUANT TO RULE 30(D)(1) WITH REQUEST FOR EXPEDITED CONSIDERATION**

Thompson Engineering, Inc. ("Thompson") seeks entry of an Order extending the duration of the deposition of Plaintiff Southern Industrial Contractors, LLC ("SIC") to permit sufficient time for Thompson and the other five defendants in this action to fairly question SIC on the allegations and claims asserted against them in the case, and requests expedited consideration of same. As grounds therefore, Thompson states as follows:

## Introduction

Plaintiff has asserted claims against six defendants in this action, based on multiple different theories of recovery, seeking more than forty-six million dollars and no/100 ($46,000,000) in damages. Plaintiff has refused to permit Defendants sufficient time to question its corporate representative, placing an arbitrary limitation of ten (10) hours for questioning of SIC's corporate representative by *all* Defendants. In addition to being inconsistent with SIC's prior counsel's agreement to the contrary, this limitation does not permit Defendants to fairly examine the deponent. Finally, SIC's efforts to impede Defendants' discovery relative to the allegations and claims in other actions stemming from the same project, render SIC's corporate representative's deposition as the only opportunity for Defendants to discern the truth about SIC's inconsistent allegations in these actions.

The six (6) Defendants in this case must have enough time to depose SIC in order to adequately ferret out the truth. The Defendants seek parity. Each Defendant wants the same amount of time deposing SIC as SIC has spent deposing each of the defendants. As set forth more fully below, Thompson respectfully requests that the Court permit five (5) days of examination by the six (6) Defendants in this action.

## Relevant Procedural History

**A.   SIC's refusal to produce a corporate representative for deposition for the time period required to fairly examine SIC.**

In a recent e-mail exchange, Counsel for Defendants proposed "that SIC agree to set aside five days for its 30(b)(6) deposition," noting that the Defendants "may not use all five days, but given the number of defendants SIC sued, the number of issues raised by SIC in the lawsuit, the time period involved, the number of documents involved, and the damages SIC seeks, the Defendants need at least this amount of time to fairly examine SIC." Counsel for Defendants

further agreed to "work together in advance of the SIC deposition to consolidate topics and work to avoid duplicative questioning of SIC."

In response, SIC agreed to produce a corporate representative for no more than 10 hours of questioning on topics presented by one of the defendants. Counsel for Thompson then communicated to SIC's counsel that Thompson's employee was deposed for over 12 hours, and prior Counsel for SIC had agreed to a similar duration for Thompson's questioning of SIC's corporate representative. SIC replied by advising that SIC's corporate representative would be made available for the same length of time as Thompson's witness, albeit, presumably, for questioning by all six defendants.

## Standard of Review

Rule 26(b)(1) provides that parties

> may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Rule 26(b)(1), *Federal Rules of Civil Procedure*.

With regard to depositions, Rule 30(d)(1) provides a presumptive deposition duration of seven (7) hours. However, "[t]he court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." *Id.*

"The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order." Rule 30, Notes of Advisory Committee on 2000 amendments; *see also Waste Mgmt. of La., LLC v. River Birch, Inc.*, 2017

U.S. Dist. LEXIS 78017, at *6 (E.D. La. May 17, 2017)(a party "must demonstrate good cause for the extension in light of the relevant scope of discovery.").

## Argument

**I.  SIC's efforts to impede discovery render SIC's deposition critical to the discovery necessary for a just determination on the claims before the Court.**

As an initial matter, SIC has impeded these Defendants' rights to conduct fact discovery. The Court will recall that SIC has implemented a divide and conquer approach by initiating six (6) different legal actions in different forums. In these other actions, SIC has interfered with the ability of the defendants in this action from gathering any intelligence as to what SIC is alleging in the other actions. Despite this interference, these defendants have learned that SIC's position as to the cause of its problems differs greatly depending upon which entity it is suing. Stated differently, SIC's allegations in one case are inconsistent with its allegations in this case. It is critical that Thompson and the other Defendants be permitted to depose SIC regarding these inconsistent allegations, particularly since SIC has impeded Thompson's efforts to gather information independent of an examination of SIC.

SIC filed the instant action on July 7, 2017 alleging SIC "suffer(ed) damages … including all delay and extra work on the Project" and these damages were "proximately caused and/or aggravated by" the Consultant Defendants. In this litigation, SIC alleges, in part through expert testimony, that SIC was delayed by the MSPA and the Consultant Defendants for 470 days, and expressly denied that SIC and its subcontractors are responsible for any delay.

Interestingly, SIC initiated a state court lawsuit on July 10, 2015, against its first pile driving subcontractor, Baker Pile Driving & Work, LLC, ("Baker"), alleging it caused SIC to suffer "acceleration costs . . . extended job site overhead, unabsorbed home office overhead" and other species of damages.

Then, on May 9, 2017, SIC demanded arbitration against its concrete formwork subcontractor, ADS, LLC. SIC alleges ADS "*failed to complete the work in a timely manner thereby contributing to the September 2016 termination of SIC. Specifically, despite repeated requests, ADS failed to complete concrete pours of critical path portions of the project . . . thereby substantially delaying SIC's work on the project.*" *(See* **Exhibit A**[1] – SIC'S Nature of Dispute p. 2).

SIC initiated an arbitration proceeding on May 24, 2017 against its second pile driving subcontractor, P&H Construction, alleging it delayed SIC's work ultimately resulting in the September 2016 termination of SIC. SIC alleged through its expert that "P&H has delayed the Project from August 17, 2016 through January 29, 2016, or a period of 165 days. As a result of this delay, P&H is directly responsible to SIC for 165 days of liquidated damages or $825,000.00." (*See* **Exhibit B** - 7/21/2018 Jerry Householder opinion, p. 3).

Before this Court, SIC says its subcontractors (including P&H, Baker, and ADS) caused no delay, but that instead these Defendants in this action are responsible for the entirety of the alleged delay. It is important for these defendants be able to explore the inconsistent allegations by having free access to P&H as SIC's allegations continue to change. However, SIC recently paid over $300,000 in damages to settle P&H's allegations and **inserted the following provision in this settlement agreement:**

> 10.  *Agreement not to Cooperate. P&H agrees not to enter into or participate in any cooperation or common interest agreement with any third party related to The Project.*
>
> See **Exhibit C**, copy of SIC vs. P&H settlement agreement.

---

[1] Exhibits referenced herein are attached to Thompson's Motion for Emergency Relief filed contemporaneously herewith.

Because SIC has taken efforts to prohibit communications between the parties in these other actions and Thompson, SIC's corporate representative's deposition presents an essential opportunity for Defendants to discern the truth concerning SIC's inconsistent allegations in these actions. If Thompson is not presented sufficient time to question SIC concerning these inconsistent allegations, it may have no other avenue through which to acquire this evidence.

**II.     The presumptive duration of the deposition of SIC's corporate representative should be extended to permit the Defendants to fairly examine the deponent.**

In considering an extension of the presumptive duration, the Advisory Committee Notes provide, "[i]n multi-party cases, the need for each party to examine the witness may warrant additional time, although duplicative questioning should be avoided and parties with similar interests should strive to designate one lawyer to question about areas of common interest." *Id.*; *see also Kleppinger v. Tex. DOT*, 283 F.R.D. 330, 333 (S.D. Tex. 2012) ("In deciding whether there has been a fair examination, the court may consider factors such as: (1) if the examination will cover events occurring over a long period of time; and (2) the need for each party to examine the witness in multi-party cases.").

Thompson and the other Defendants have already agreed to avoid duplicative questioning and "to work together in advance of the SIC deposition to consolidate topics" as discussed in the Advisory Committee's Notes on the 2000 Amendments to Rule 30. SIC's Counsel responded by limiting defendants to 10 hours of questioning on the topics identified by one Defendant. Again, Thompson seeks parity. Thompson wishes to depose SIC's corporate representative for the same length of time that SIC spent deposing Thompson—twelve hours.

Thompson submits the following as "good cause" for extending the presumptive duration of the depositions at issue: (1) SIC has asserted different claims against six defendants, with different corresponding specific legal theories of recovery; (2) the testimony sought by the

Defendants is critical to the filing of dispositive motions as to the claims asserted by SIC; (3) the testimony sought by the Defendants is a necessary predicate to the presentation of rebuttal expert opinions; (4) SIC seeks recovery of more than $46,000,000 in damages; (5) the document production in this case is voluminous—more than 200 gigabytes of material—and Defendants will need to question SIC's corporate representative regarding a substantial portion of this production (6) the allegations in this action cover a time-span of more than three years; (7) Defendants have no other reasonable means by which to obtain the information sought; and (8) SIC, which has the resources to prosecute claims relating to the subject construction project in six different actions across different forums, has demonstrated that it has the resources to present a corporate representative for a multi-day deposition.

**III.    The presumptive duration of the deposition of SIC's corporate representative should be extended because SIC's counsel previously agreed to such an extension.**

As stated in the Advisory Committee's Notes to the 2000 amendments to Rule 30, "[t]he presumptive duration [of the deposition] may be extended, or otherwise altered, by agreement." Counsel for SIC previously agreed that Thompson, whose employee Cameron Crigler was deposed for more than twelve hours, would be permitted at least that much time to depose SIC's corporate representative. More specifically, when it became apparent to SIC's counsel during Crigler's deposition that he needed more time to depose Crigler, an agreement was made through which if Thompson would be afforded a similar time extension in the examination of SIC's witness, then SIC counsel could continue its deposition beyond the presumptive duration. This agreement between Thompson and SIC should be enforced.

WHEREFORE, Defendant Thompson Engineering, Inc. respectfully requests that the Court enter an Order extending the duration of the deposition of Plaintiff's corporate representative to five days.

Respectfully submitted, this the 16th day of August 2019.

　　　　　　　　　　　　　　　　　　　　　　*/s/ C. William Daniels, Jr.*
　　　　　　　　　　　　　　　　　　　　　　C. WILLIAM DANIELS, JR. (MSB #104924)
　　　　　　　　　　　　　　　　　　　　　　CHRISTOPHER D. MEYER (MSB #103467)
　　　　　　　　　　　　　　　　　　　　　　*Counsel for Defendant Thompson Engineering, Inc.*

**OF COUNSEL:**
BURR & FORMAN LLP
P.O. Box 2287
Mobile, AL 36652
Telephone:  (251) 344-5151
Facsimile:   (251) 344-9696
bdaniels@burr.com

and

BURR & FORMAN LLP
The Pinnacle at Jackson Place
190 E. Capitol Street, Suite M-100
Jackson, MS 39201
Telephone:  601-355-3434
Facsimile:   601-355-5150
cmeyer@burr.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that on August 16, 2019, I electronically filed a copy of the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification to the following:

| | |
|---|---|
| Christopher Solop<br>Lynn Thompson<br>Biggs, Ingram & Solop, PLLC<br>1111 Capitol Bldg., Ste. 101<br>111 East Capitol Street<br>Jackson, MS  39211 | Steven Loeb<br>John Andrishok<br>Jacob Roussel<br>Breazeale, Sachse & Wilson, L.L.P.<br>One American Place, 23rd Floor<br>Post Office Box 3197<br>Baton Rouge, LA  70821-3197 |
| Jud R. Jones<br>David Watkins Mockbee<br>Mockbee, Hall & Drake, P.A.<br>Capital Towers Bldg., Ste. 1820<br>128 S. Congress St.<br>Jackson, MS  39201 | Ronald A. Yarbrough<br>Samuel Kelly<br>Brunini, Grantham, Grower & Hewes<br>190 East Capitol St., Ste. 100<br>Jackson, MS  39201 |
| Ralph B. Germany<br>William R. Purdy<br>Michael Cowan<br>Slates C. Veazey<br>Post Office Box 1789<br>Jackson, MS  39215-1789 | Larry G. Canada<br>Kathryn B. Platt<br>Ryan M. Hall<br>Galloway, Johnson, Tompkins, Burr & Smith<br>2510 14th Street, Ste. 910<br>Gulfport, MS  39501 |
| Samuel D. Gregory<br>Baker, Donelson, Bearman<br>Caldwell & Berkowitz, PC<br>One Eastover Center<br>100 Vision Drive, Ste. 400<br>Jackson, MS  39211 | M. David Kurtz<br>Baker, Donelson, Bearman<br>Caldwell & Berkowitz, PC<br>201 St. Charles Ave., Ste. 3600<br>New Orleans, LA  70170 |

                */s/ C. William Daniels, Jr.*