UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**SOUTHERN INDUSTRIAL**
**CONTRACTORS, LLC** **PLAINTIFF**

V. CIVIL ACTION NO. 1:17-CV-255-LG-JCG

**NEEL-SCHAFFER, INC. et al.** **DEFENDANTS**

**ORDER GRANTING DEFENDANT THOMPSON ENGINEERING INC.'S MOTION FOR EMERGENCY RELIEF AND FOR EXTENSION OF DURATION OF DEPOSITION OF PLAINTIFF'S CORPORATE REPRESENTATIVE PURSUANT TO RULE 30(d)1) WITH REQUEST FOR EXPEDITED CONSIDERATION**

BEFORE THE COURT is Defendant Thompson Engineering, Inc.'s Motion for Emergency Relief and for Extension of Duration of Deposition of Plaintiff's Corporate Representative Pursuant to Rule 30(d)(1) with Request for Expedited Consideration. (ECF No. 340). The Motion has been fully briefed. Thompson Engineering seeks leave to depose Plaintiff Southern Industrial Contractors, LLC's corporate representative for ten hours, which is beyond the presumptive limit of 7 hours found in Federal Rule of 30(d)(1). Southern Industrial Contractors has offered to allow its corporate representative to be deposed for ten hours, cumulatively, with all six Defendants splitting that time.[1]

Thompson Engineering submits that the following reasons warrant it being allowed to depose Southern Industrial Contractors' corporate representative for ten hours: Southern Industrial Contractors has sued six Defendants under different legal

---

1 As Thompson Engineering does in its briefing, the Court considers the following three defendants as one because they are represented by the same counsel: W.G. Yates & Sons Construction Company, Roy Anderson Corp. and Yates Anderson, JV. These entities have not submitted briefing and have not objected to their characterization as one Defendant.

theories. Southern Industrial seeks more than $46,000,000 in damages. The allegations in this action cover a time span of more than three years. Southern Industrial Contractors has filed numerous other actions in different forums concerning the West Pier Facilities Project 305 that is the subject of this lawsuit, which evidences the magnitude and complexity of the construction project. Thompson Engineering should be allowed to explore the purported inconsistent positions in the various suits. Southern Industrial Contractors' argument to limit the deposition to ten hours for all six Defendants is hollow because Southern Industrial Contractors alone deposed Defendant Quality Engineering Services, Inc.'s corporate deponent – the only corporate deponent yet deposed – for almost seven hours. Southern Industrial Contractors alone also deposed Thompson Engineering's employee Cameron Crigler, an important fact witness, for ten hours. Thompson Engineering submits that its agreement to allow Southern Industrial Contractors ten hours to depose Mr. Crigler was dependent on Thompson Engineering being allowed to depose Southern Industrial Contractors' 30(b)(6) deponent for ten hours.

    Though Southern Industrial Contractors submits that it never agreed that its corporate deponent would be made available for more than ten total hours, Thompson Engineering has persuaded the Court that there is good cause to allow Thompson Engineering ten hours to depose Southern Industrial Contractors' corporate representative. The other five Defendants are allowed seven hours each to depose Southern Industrial Contractors' corporate representative, if that time is needed. The parties are to avoid duplicative questioning.

**IT IS HEREBY ORDERED** that Defendant Thompson Engineering, Inc.'s Motion for Emergency Relief and for Extension of Duration of Deposition of Plaintiff's Corporate Representative Pursuant to Rule 30(d)(1) with Request for Expedited Consideration. (ECF No. 340) is **GRANTED**.

**SO ORDERED**, this the 29th day of August, 2019.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE